IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ARNOLD R. REED, ID # 1205652,    )
          Plaintiff,         )
vs.                        )        No. 3:05-CV-0004-G (BH)
                         )           ECF
CITY OF DALLAS, et al.,       )        Referred to U.S. Magistrate Judge
          Defendants.     )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

On January 3, 2005, the Court received the instant action against the City of Dallas (the City), Carl E. Gaines (Gaines), and April E. Smith (Smith). (*See* Compl. at 2-3.)[1] Plaintiff alleges that the City wrongfully arrested, prosecuted, and convicted him. (*Id.* at 3.) He further alleges that the City fabricated evidence. (*Id.*) The alleged wrongful conduct by the City commenced on June 11, 2002, and ended with plaintiff's conviction on November 4, 2003. (Answer to Question 2 of Magistrate Judge's Questionnaire (MJQ).)[2] Plaintiff also alleges that his trial attorney Gaines and his appellate attorney Smith deliberately misrepresented him and participated in a conspiracy.[3]

---

[1]  The Court utilizes the page numbers at the bottom of each page although the first page of the complaint indicates that it is page two.

[2]  Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

[3]  The Court notes that plaintiff filed a previous federal complaint in this Court against Mr. Gaines and the prosecutor in his criminal trial that alleged a conspiracy to deprive him of his civil rights. *See Reed v. Gaines*, No. 3:03-CV-2092-G

(Compl. at 3-4; Answer to Question 3 of MJQ.)  By this lawsuit, plaintiff seeks monetary damages. (Compl. at 4.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis*.  As a prisoner seeking redress from a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.  *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam).  Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Smith*

---

(N.D. Tex. received Sept. 15, 2003).  The Court dismissed that action with prejudice as frivolous and for seeking relief against a defendant who was immune from monetary damages.  *Id.* (Findings, Conclusions, and Recommendation filed Oct. 6, 2003; Order and Judgment filed Oct. 21, 2003).  Although a prior dismissal may provide grounds for dismissal of a later action that "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the [*in forma pauperis*] plaintiff", *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989), plaintiff's allegations in this case concern events that occurred before and after the prior dismissal.  In light of the allegations that occurred after the prior dismissal, some of plaintiff's allegations would survive a dismissal based upon *Wilson*.  Furthermore, as will be seen *infra*, this action should be dismissed entirely on other grounds.  Consequently, the Court finds no reason to apply *Wilson* to dismiss some of plaintiff's claims.

*v. Winter*, 782 F.2d 508, 511-12 (5th Cir. 1986); *Henrise v. Horvath*, 94 F. Supp. 2d 768, 769 (N.D. Tex. 2000).

## III.  SECTION 1983

Plaintiff seeks monetary relief under 42 U.S.C. § 1983 against the City of Dallas and two attorneys who represented him during his criminal trial and appeal.  Section 1983 provides a federal cause of action and affords redress for the "deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States."  *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).  To state a claim under § 1983, plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law.  *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

### A.  <u>Heck Bar</u>

In this case, the crux of plaintiff's complaint is that he was unlawfully arrested, prosecuted, and convicted by the City and that his attorneys conspired against him and inadequately represented him.  Under *Heck v. Humphrey*, 512 U.S. 477 (1994), when a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed, unless plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  512 U.S. at 486-87.

Although plaintiff in this case provides sparse facts for some of his claims, it appears that a ruling granting monetary relief on his claims would necessarily implicate the validity of his con-

viction.  To the extent that appearance is accurate, *Heck* requires plaintiff to demonstrate that his conviction or sentence has been reversed, invalidated, or expunged prior to bringing an action under 42 U.S.C. § 1983.  From the documents filed in this case, it appears that plaintiff remains incarcerated pursuant to the sentence imposed in the criminal action that forms the crux of this case. Nothing in his complaint or the answers to the Magistrate Judge's Questionnaire, furthermore, indicates that his conviction has been successfully overturned, reversed on appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court in a habeas proceeding.  Until plaintiff receives a ruling declaring his conviction invalid, no action will accrue under § 1983 for claims that, if successful, would necessarily implicate the validity of his conviction. *Heck*, 512 U.S. at 486-87.  To the extent that *Heck* bars plaintiff's claims, his § 1983 complaint has no basis in law and should be dismissed as frivolous.  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (holding that "[a] §1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question").

Nevertheless, although *Heck* may provide a means to dismiss this § 1983 action in its entirety, the Court need not rely upon *Heck* when the case presents issues that are appropriate for early and final determination.  For instance, when an action raises an issue of immunity, the Court to the extent it is feasible to do so should determine that issue as early in the proceedings as possible. *See Patton v. Jefferson Correctional Ctr.*, 136 F.3d 458, 462 n.6 (5th Cir. 1998); *Hulsey v. Owens*, 63 F.3d 354, 356 (5th Cir. 1995); *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994).  In addition, "[w]hen a plaintiff seeks relief unavailable under 42 U.S.C. § 1983 or sues individuals or entities who are not proper parties under § 1983, it also seems appropriate to have an early determination of those

4

issues." *Smithback v. Cockrell*, No. 3:01-CV-1658-M, 2002 WL 1268031, at *2 (N.D. Tex. June 3, 2002) (accepting findings and recommendation of United States magistrate judge). The instant case likewise provides circumstances when it is appropriate to have an early and final determination of the issues presented.

B.      Lack of State Action

Plaintiff alleges that his former attorneys deliberately misrepresented him and participated in a conspiracy. It is well established, however, that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); *Mills v. Criminal Dist. Ct. No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally are not subject to suit under section 1983"); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (holding that retained attorney does not act under color of state law). Nevertheless, in certain circumstances, private parties may be acting "under color of state law" and thus held liable under § 1983:

> 'Private persons, jointly engaged with state officials in the prohibited action, are acting 'under color' of law for purposes of the statute. To act 'under color' of law does not require that the accused be an officer of the State. It is enough that he is a willful participant in joint activity with the State or its agents.'

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970) (quoting *United States v. Price*, 383 U.S. 787, 794 (1966)). To support such a conspiracy claim, plaintiffs "must allege facts that suggest: 1) an agreement between the private and public defendants to commit an illegal act and 2) an actual

deprivation of constitutional rights." *Cinel v. Connick*, 15 F.3d 1338, 1343 (5th Cir. 1994) (citations omitted).

To find state action by a private individual in the absence of an alleged conspiracy, a plaintiff must show that the private actor "performs a function which is traditionally the exclusive province of the state" or that "there is a nexus between the state and the action of the private defendant such that the action is fairly attributable to the state." *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir. 1989). Under the latter alternative,

> a finding of state action is justified "'only where it can be said that the state is responsible for the specific conduct of which the plaintiff complains.' A state is not responsible for a private party's decisions unless it 'has exercised coercive power or has provided such significant encouragement, . . . that the choice must in law be deemed to be that of the state.'"

*Id.* (citations omitted).

Attorneys do not perform a function that is traditionally the exclusive province of the state. In addition, there is no nexus between the State and the actions of plaintiff's former attorneys such that the attorneys' actions are fairly attributable to the State. Further, plaintiff has alleged no agreement between his former attorneys and any state actor to commit an illegal act. Without an allegation of some agreement between his former attorneys and a state actor, plaintiff has failed to state a viable claim under § 1983 against defendants Gaines and Smith, and his claims against them should be dismissed.

## C.   Lack of Municipal Liability

Plaintiff alleges that the City fabricated evidence and wrongfully arrested, prosecuted, and convicted him. However, to hold a municipality like the City liable under 42 U.S.C. § 1983, plaintiffs must show an "underlying claim of a violation of rights", as well as, "a policymaker; an

official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, TX., 430 F.3d 734, 748 (5th Cir. 2005), *cert. denied*, No. 05-1226, 2006 WL 767731 (May 15, 2006).  Because plaintiff has not alleged any official policy or custom on the part of the City that violated his constitutional rights and because his complaint and answers to the MJQ show no policy or custom, his claims against the City necessarily fail.

## IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  As such recommendation completely disposes of the action against all named defendants, the Court need not concern itself with dismissing the action under *Heck v. Humphrey*, 512 U.S. 477 (1994).[4]  Such dismissal will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[5]

**SIGNED this 31st day of May, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[4] Were the Court inclined to dismiss this action under *Heck*, such dismissal would be with prejudice as frivolous until such time as plaintiff satisfies the conditions set forth in *Heck*.

[5] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

8